**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**Case No.: 1:26-cv-24157**

FRANCISCO DIAZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PLAYA BOWLS BOCA, LLC,

Defendant.
_______________________________________/

# **DEFENDANT'S NOTICE OF REMOVAL**

## I. INTRODUCTION

Defendant, Playa Bowls Boca, LLC, ("Playa Bowls" or "Defendant"), removes the action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2026-009507-CA-01. The Miami-Dade County Circuit Court is within the Miami Division of the Southern District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), because Plaintiff, Francisco Diaz ("Plaintiff" or "Diaz"), has brought claims solely for alleged violations of the Telephone Consumer Protection Act ("TCPA"), both under the federal statute, 47 U.S.C. § 227, *et seq.*, and under the regulations implementing the statute, 47 C.F.R. § 64.1200.

## II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiff filed his action in state court on May 11, 2026.[1] Playa Bowls was served on May 15, 2026, and the deadline to remove this action is thirty (30) days from the date of service. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, Playa Bowls's deadline for removal is June 14, 2026. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **Composite Exhibit 2** in compliance with 28 U.S.C. § 1446(a).

Contemporaneous with the filing of this notice of removal, Playa Bowls will give notice to and file a copy of same with the Clerk of Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida through a notice of filing and will also serve this notice of removal on Plaintiff.

Playa Bowls is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

## III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). The basis of Plaintiff's claims is Playa Bowls's alleged violation of the TCPA both under the statute itself, 47 U.S.C. § 227, *et seq.,* and pursuant to the Federal Communications

[1] An updated and correct copy of the Miami-Dade County Circuit Court's docket is attached hereto as **Exhibit 1**.

Commission's implementing regulations, under 47 C.F.R. § 64.1200. Accordingly, this Court has original jurisdiction over this matter.

**A. <u>Plaintiff's Complaint Raises a Federal Question.</u>**

Pursuant to 28 U.S.C. § 1331, United States District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). Accordingly, claims for violation of federal statutes properly give rise to federal question jurisdiction. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1274 (11th Cir. 2010).

Federal courts answer "the question whether a claim 'arises under' federal law...by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)). Here, Plaintiff's complaint asserts two counts for violations of the TCPA (a federal statute) and 47 C.F.R. § 64.1200 (a federal regulation). *See* Comp. Ex. 2 at Compl., ¶¶ 43-68; *see also Becker v. Pro Custom Solar LLC*, 2020 WL 474647, No. 2:19-cv-535-FtM-29NPM (M.D. Fla. Jan. 29, 2020). Because federal law created the sole foundation of these causes of action, these claims arise under federal law. *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808; *see also Nece v. Quicken Loans, Inc.*, 2018 WL 1326885, No. 8:16-cv-2605-T-23CPT (M.D. Fla. Mar. 15, 2018) (ruling on claims based on violations of 47 C.F.R. § 64.1200 in federal court). Accordingly, Plaintiff has raised a federal question by bringing an action arising under the laws of the United States, which invokes the original jurisdiction of this Court. Therefore, removal is proper.

**B. This Action was Filed in Miami-Dade County, Located in the Miami Division of this Court.**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Here, Plaintiff's action has been filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Miami-Dade County is located in the Miami Division of this Court. Thus, Defendant states that removal to the Miami Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper because the complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). Plaintiff has brought a civil action for violation of the laws of the United States, specifically of the TCPA, a federal statute, and of its regulations promulgated by the FCC, thus invoking the original federal question jurisdiction of this Court. Playa Bowls has met all procedural requisites for removal, and this notice is timely filed. As such, Playa Bowls respectfully requests this Court take jurisdiction and conduct all further proceedings in this case.

Respectfully submitted June 12, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
Facsimile: (954) 333-3930
*Counsel for Defendant, Playa Bowls Boca, LLC*

By: */s/ Eve A. Cann*
Eve A. Cann
Florida Bar No.: 40808
ecann@bakerdonelson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I served the foregoing document by e-mail to the following:

Samuel J. Awad, Esq.
Mitchell D. Hansen, Esq.
Zane C. Hedaya, Esq.
Gerald D. Lane, Jr., Esq.
**The Law Offices of Jibrael S. Hindi**
1515 NE 26th Street
Wilton Manors, Florida 33305
Telephone: (844) 542-7235
samuel@jibraellaw.com
mitchell@jibraellaw.com
zane@jibraellaw.com
gerald@jibraellaw.com
*Counsel for Plaintiff and the Proposed Classes*

By: */s/ Eve A. Cann*
Eve A. Cann